# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| ANTHONY CLARK, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-00481 |
| ) | |
| CRAIG BROWN, Acting Director, United States ) | |
| Selective Service System ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION

Anthony Clark ("Plaintiff"), an African American male and formerly a ten-year veteran of the United States Selective Service System ("SSS"), has brought this mixed-case action[1] against Craig Brown, Acting Director of the SSS ("Defendant"), alleging the following seven claims:

- Count 1 alleges a claim for unlawful removal from employment, in violation of the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 7513(a);

- Count 2 alleges a claim for retaliation, in violation of the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8);

- Count 3 alleges a claim for hostile work environment, in violation of the WPA, 5 U.S.C. § 2302(b)(8);

- Count 4 alleges a claim for retaliation, in violation of the WPA, 5 U.S.C. § 2302(b)(9);

- Count 5 alleges a claim for race discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16;

- Count 6 alleges a claim for hostile work environment, in violation of Title VII, 42 U.S.C. § 2000e-16; and

---

[1] A mixed-case action is a case in which a federal employee alleges (1) that his employer took adverse personnel action against him under the Civil Service Reform Act and (2) that the adverse personnel action is attributable, in whole or in part, to discrimination separately made unlawful by another statute, such as Title VII of the Civil Rights Act of 1964. *See Chin-Young v. United States*, 774 F. App'x 106, 112 (4th Cir. 2019) (citing 5 C.F.R. § 1614.302).

1

- Count 7 alleges a claim for retaliation, in violation of Title VII, 42 U.S.C. § 2000e-16.

Plaintiff exhausted his administrative remedies for all seven claims by presenting the equivalent of Counts 1–4 to the Merit Systems Protection Board ("MSPB") and by presenting the equivalent of Counts 5–7 to the Equal Employment Opportunity Commission.[2]  Importantly, however, the MSPB has not decided Plaintiff's CSRA and WPA claims, even though those claims have been pending before the MSPB since December 12, 2019.

Thus, in this civil action, Defendant previously filed an initial threshold motion to dismiss ("Motion to Dismiss"), seeking dismissal of Counts 1–4 based solely on the fact that judicial review of these claims could not occur pursuant to 5 U.S.C. § 7703, the CSRA's ordinary judicial review provision, because the MSPB had neither issued any "decision" nor prepared the required administrative "record" necessary for judicial review under § 7703. *See* 5 U.S.C. § 7703(a) and (c) (permitting judicial review of the MSPB's "decision" based on "the record" before the MSPB). Defendant's motion also sought dismissal of Counts 5–7 for failure to state plausible Title VII claims for race discrimination, hostile work environment, and retaliation, respectively. Following oral argument, Defendant's Motion to Dismiss was deferred in part, granted in part, and denied in part. Specifically, Defendant's Motion to Dismiss was:

> (1) deferred with respect to Counts 1–4 pending supplemental briefing by the parties on the applicability of § 7702(e)(1)(B), a provision of the CSRA that apparently governs what should occur where, as here, a plaintiff files claims with the MSPB and the MSPB fails to issue a "judicially reviewable action" on the claims within 120 days;[3]

---

[2] Plaintiff also presented the equivalent of Counts 5–7 to the MSPB.  Defendant does not dispute that Plaintiff has exhausted his administrative remedies.  *See* Def. Reply at 6 (Dkt. 18) ("Defendant's arguments [for dismissal] [] do not concern administrative exhaustion.").

[3] Specifically, Section 7702(e)(1)(B) permits a plaintiff to obtain judicial review of an entire mixed-case action, where, as here, a plaintiff has presented the claims to the MSPB but the MSPB fails to render a "judicially reviewable action" within 120 days. 5 U.S.C. § 7702(e)(1) ("[I]f at any time after the 120th day following the filing of any matter . . . with the Board . . . there is no judicially reviewable action . . . an employee shall be entitled to file a civil action."); *Perry*

>   (2) granted without prejudice with respect to Count 6, but with leave for Plaintiff to file a Second Amended Complaint alleging additional facts to support a Title VII hostile work environment claim; and
>
>   (3) denied with respect to Counts 5 and 7.

Thereafter, the parties submitted the required supplemental briefing and Plaintiff filed a Second Amended Complaint, providing additional facts in support of Count 6, a Title VII claim for hostile work environment based on race. Defendant responded to the Second Amended Complaint by filing a second motion to dismiss ("Second Motion to Dismiss"), seeking dismissal of the amended Count 6, as well as Count 3, a WPA claim for hostile work environment based on Plaintiff's protected whistleblowing activity.

Thus, the current status of this matter is as follows: Counts 1–4 and 6 remain subject to dismissal and Counts 5 and 7 have survived threshold dismissal and are proceeding to discovery. Consequently, there are three remaining questions to address here at the motion to dismiss stage:

>   (1) whether Counts 1–4, asserting claims under the CSRA and WPA, may proceed in federal court under § 7702(e)(1)(B), where, as here, the MSPB has not issued a judicially reviewable action on those claims within the statutorily required 120-day time period;
>
>   (2) whether Count 3, asserting a WPA hostile work environment claim, plausibly alleges harassment towards Plaintiff based on his status as a whistleblower that is sufficiently severe or pervasive to state a WPA claim for hostile work environment; and
>
>   (3) Count 6, asserting a Title VII hostile work environment claim, plausibly alleges harassment towards Plaintiff based on his race that is sufficiently severe or pervasive to state a Title VII claim for hostile work environment.

Because the facts and legal arguments related to these questions are fully set forth in the exiting record and the parties' briefing, oral argument is unnecessary and would not aid the

---

*v. MSPB*, 137 S. Ct. 1975, 1981 n.2 (2017) (discussing § 7702(e)(1)).

decisional process. Accordingly, it is appropriate to address and resolve the pending motions based on the existing record and the parties' arguments, and the matter is now ripe for disposition.

## I.

Analysis of the first question presented properly begins with a brief review of the statutory framework applicable to judicial review of civil service claims under the CSRA and WPA. To begin with, it is well established that such civil service claims are judicially reviewable only if the plaintiff has administratively exhausted those claims by first presenting them to the appropriate agency, in this case the MSPB.[4] Here, no party disputes that Plaintiff has exhausted his administrative remedies, as Plaintiff presented the equivalent of Counts 1–4 to the MSPB on December 12, 2019 but the assigned MSPB Administrative Judge ("MSPB AJ") has determined that he cannot decide those claims owing to the MSPB's current lack of a quorum.[5]

In the ordinary case, the MSPB timely issues a judicially reviewable action on the civil service claims and therefore judicial review proceeds under the deferential record review standard

---

[4] *See Bonds v. Leavitt*, 629 F.3d 369, 379 (4th Cir. 2011) (discussing the requirement of administrative exhaustion); *Fleming v. Spencer*, 718 F. App'x 185, 189 (4th Cir. 2018) (same).

[5] Specifically, on February 25, 2020, the MSPB AJ assigned to Plaintiff's administrative case dismissed Plaintiff's administrative claims (1) subject to automatic refiling on August 25, 2020 or (2) subject to refiling after the MSPB reaches a quorum. *See* MSPB AJ Decision at 2 (Dkt. 12-2) (citing 5 C.F.R. § 1201.29(c)). Plaintiff's administrative case was subsequently refiled on an unknown date, and the MSPB AJ once again dismissed the matter (1) subject to automatic refiling on June 14, 2021 or (2) subject to refiling after the MSPB reaches a quorum. In effect, the MSPB AJ has stayed Plaintiff's administrative case indefinitely, as there is no timetable for when the MSPB might reach a quorum. *See* U.S. MSPB, *FAQ About the Lack of Board Quorum and Lack of Board Members: Updated February 10, 2021*, www.mspb.gov/FAQs_Absence_of_Board_Quorum_Feb_10_2021_508.pdf (last accessed Apr. 29, 2021) ("[I]t is not possible to determine exactly when the quorum will be restored."); *In re Jadhav*, 795 F. App'x 846, 848 (Fed. Cir. 2020) (describing similar dismissal subject to automatic refiling as "effectively [a] stay [of] proceedings"). According to the MSPB AJ, a stay pending a quorum is appropriate due to the Supreme Court's decision in *Lucia v. SEC*, 138 S. Ct. 2044 (2018), which held that an SEC Administrative Law Judge ("ALJ") is an "inferior officer" and therefore that SEC ALJs must be formally appointed under the Appointments Clause by an agency "Head[] of Department" rather than through the ordinary civil service hiring process. *Lucia*, 138 S. Ct. at 2049; U.S. Const., Article II § 2, cl.2. Thus, following *Lucia*, the MSPB AJ has concluded that he, like an SEC ALJ, cannot preside over an administrative case until the MSPB's "Head[] of Department"—the MSPB Board—achieves a quorum and formally decides whether he and other MSPB AJs have been properly appointed. U.S. Const., Article II § 2, cl.2. Because it is uncertain whether and when the MSPB might reach a quorum, there is currently no timetable for the MSPB AJ to decide Plaintiff's CSRA and WPA claims.

set forth in § 7703. *See id.*; *see also Archuleta v. Sullivan*, 944 F.2d 900 (Table), 1991 WL 179071, at *2 (4th Cir. 1991) (discussing the record review standard under § 7703); *Butler v. West*, 164 F.3d 634, 639 n.10 (D.C. Cir. 1999) (same). Yet where, as here, the MSPB does not issue any judicially reviewable action within 120 days, § 7702(e)(1)(B) permits a plaintiff to file a civil action in federal district court and for the district court to decide the claims. *See id.*; *see also Perry v. MSPB*, 137 S. Ct. 1975, 1981 n.2 (2017) (discussing judicial review under § 7702(e)(1)); *Bonds v. Leavitt*, 629 F.3d 369, 378–79 (4th Cir. 2011) (same).[6] Section 7702(e)(1)(B), authorizing judicial review in the event the MSPB does not resolve the civil service claims within the required 120 days "clearly expresses Congress' desire that . . . complainants should have access to a judicial forum should their claims languish undecided in the administrative machinery." *Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1042 (D.C. Cir. 2008).

Here, Plaintiff filed the equivalent of Counts 1–4 with the MSPB on December 12, 2019. Yet, as of the date of this Order, more than 500 days after Plaintiff filed his administrative claims with the MSPB, neither the MSPB nor the assigned MSPB AJ has issued any "judicially reviewable action." 5 U.S.C. § 7702(e)(1)(B). Instead, the MSPB AJ has deferred decision on Plaintiff's administrative claims until the three-member MSPB reaches a quorum, a possibility that is unlikely to occur anytime soon as the MSPB has had no board members since March 1, 2019 and there is no current plan for that situation to change. *See* U.S. MSPB, *FAQ About the Lack of Board Quorum and Lack of Board Members: Updated February 10, 2021*, www.mspb.gov/FAQs_Absence_of_Board_Quorum_Feb_10_2021_508.pdf (last accessed Apr.

---

[6] Although Section 7702(e)(1)(B) does not explicitly address whether this 120-day time period sets forth the time period for (1) the MSPB Administrative Judge to decide the claims or (2) the Board to decide the claims, the D.C. Circuit has indicated that Section 7702(e)(1)(B) applies where a plaintiff's administrative claims are actively pending before the MSPB Administrative Judge for more than 120 days. *See Morris v. McCarthy*, 825 F.3d 658, 665–67 (D.C. Cir. 2016); 5 U.S.C. § 7701(b)(1) (explaining that the Board may "refer [a] case to an administrative law judge.").

29, 2021) ("[I]t is not possible to determine exactly when the quorum will be restored."). Thus, because the MSPB has not taken any "judicially reviewable action" within the required 120-day period, § 7702(e)(1)(B) permits Plaintiff to file a civil action in federal district court and for the district court to decide the claims. 5 U.S.C. § 7702(e)(1)(B); *see also Bonds v. Leavitt*, 629 F.3d 369, 379 (4th Cir. 2011) ("[D]istrict courts possess jurisdiction . . . in mixed cases when agencies fail to meet the time limit that 7702(e)(1)(B) establishes.").[7] Accordingly, Defendant's Motion to Dismiss Counts 1–4 must be denied, and these claims may now be heard in the first instance in federal court pursuant to § 7702(e)(1)(B).[8]

To be sure, on February 25, 2020, a date within the 120-day time period, the MSPB AJ issued a three-page decision in Plaintiff's administrative case that dismissed Plaintiff's claims subject to automatic refiling or refiling after the MSPB reaches a quorum. This three-page decision, however, does not alter the result reached here that Counts 1–4 may be heard pursuant to § 7702(e)(1)(B), for nothing in this three-page decision is amenable to judicial review. *See* Def.'s Mot. to Dismiss at 11 (Dkt. 12) ("[T]here is nothing for the Court here to review."). Specifically, the MSPB AJ's decision is not a "judicially reviewable action" within the meaning of § 7702(e)(1)(B) because this decision does not dispose of Plaintiff's case, either on the merits or on any jurisdictional or procedural ground.[9] Rather, the MSPB AJ's decision dismissed

---

[7] *Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1042 (D.C. Cir. 2011) ("[S]ection 7702(e)(1)(B) explicitly sanctions a civil action in the federal district courts once 120 days have passed without a final decision from the MSPB."); *Valentine-Johnson v. Roche*, 386 F.3d 800, 813 (6th Cir. 2004) ("The statutory scheme provides that a district court may independently review claims without the benefit of a final decision from the MSPB."); *Kerr v. Jewell*, 836 F.3d 1048, 1056 n.6 (9th Cir. 2016) ("Under § 7702(e)(1)(B), Kerr would have been entitled to present her entire case, including her WPA claim, in district court had she presented the claims to the MSPB and the MSPB did not resolve them in a timely manner.").

[8] Neither addressed nor resolved here is whether Counts 1–4 may be heard and decided by a jury.

[9] The decision reached here that the MSPB AJ's decision is not a judicially reviewable action is consistent with the Supreme Court's recent decisions in *Kloeckner v. Solis*, 568 U.S. 41 (2012) and *Perry v. MSPB*, 137 S. Ct. 1975 (2017). This is so because in both *Kloeckner* and *Perry*, unlike here, the MSPB issued a decision that both decided and disposed of the matter. *See Kloeckner*, 568 U.S. at 48 ("The Board therefore dismissed Kloeckner's appeal as

6

Plaintiff's administrative claims subject to automatic refiling—a procedure under 5 C.F.R. § 1201.29 that has been described by the Federal Circuit as akin to a stay of proceedings. *See In re Jadhav*, 795 F. App'x at 848 (describing similar dismissal subject to automatic refiling as "effectively [a] stay [of] proceedings"). Thus, the MSPB AJ's three-page decision does not alter the result reached here that Counts 1–4 may be heard pursuant to § 7702(e)(1)(B).

Nor does the MSPB AJ's decision toll the 120-day time period for the MSPB to decide Plaintiff's claims. Although dismissal of an action subject to automatic refiling may ordinarily toll the 120-day time period, *Morris*, 825 F.3d at 667 n.1, there can be no tolling in this case because the MSPB AJ's decision is plainly contrary to the applicable standard set forth in 5 C.F.R. § 1201.29 and also the statutory purpose of § 7702(e)(1)(B). To begin with, 5 C.F.R. § 1201.29, the regulation the MSPB AJ cited, on two separate occasions, to dismiss Plaintiff's administrative claims subject to automatic refiling does not apply where, as here, the MSPB AJ does not actually consider the required factors. *See* 5 C.F.R. § 1201.29(b) (requiring the MSPB AJ to determine whether "the interests of fairness, due process, and administrative efficiency outweigh any prejudice to either party"). And clearly, Plaintiff suffers substantial prejudice from having his CSRA and WPA claims periodically dismissed subject to automatic refiling, as these periodic dismissals have caused significant delay. More importantly, the MSPB cannot escape its statutory obligation to decide cases within 120 days by interpreting 5 C.F.R. § 1201.29 to authorize indefinite stays. *See Norris v. Wolf*, No. 20-cv-20179, 2020 WL 6081660, at *4 (S.D. Fla. Oct. 15, 2020) ("[S]ection 7702(e)(1)(b), forecloses the possibility that a separate regulation may alter 120-day waiting period, unless explicitly sanctioned by Congress."); *Ikossi*, 516 F.3d at 1043

---

untimely."); *see also Perry*, 137 S. Ct. at 1983 ("[T]he Board determined . . . that [Perry's] separation should be deemed voluntary, hence not an adverse action subject to the Board's jurisdiction."). Here, in contrast, there is no MSPB ruling that decides and disposes of Plaintiff's administrative case, which is subject to automatic refiling.

7

(explaining that § 7702(e)(1)(B) "clearly expresses Congress' desire that mixed cases should proceed expeditiously"). Thus, the MSPB AJ's three-page decision does not alter the result reached here that Counts 1–4 may now be heard in federal court pursuant to § 7702(e)(1)(B).

This conclusion is also supported by the fact that § 7703, the CSRA's ordinary judicial review provision, cannot apply here. As Defendant has persuasively explained, the plain text of § 7703 contemplates a type of deferential record review that is not possible where, as here, there is no administrative decision or record to review. *See* 5 U.S.C. § 7703(c) (instructing the reviewing court to "review the record" and to set aside "agency [] findings" only if arbitrary, capricious, contrary to law, or without substantial evidence).[10] But importantly, the fact that § 7703 cannot apply here does not altogether preclude judicial review, for § 7702(e)(1)(B) rescues Plaintiff's claims. Congress enacted § 7702(e)(1)(B) to ensure "that complainants should have access to a judicial forum should their claims languish undecided in the administrative machinery," and here it is appropriate to give effect to Congress' intent. *Ikossi*, 516 F.3d at 1042. Thus, for this additional reason, Counts 1–4 may now be heard in the first instance in federal court under § 7702(e)(1)(B).

Few courts have addressed whether a claimant may overcome the MSPB's purported inability to review claims by seeking direct review in federal court pursuant to § 7702(e)(1)(B). But importantly, a recent decision from the U.S. District Court for the Northern District of Illinois, *Davis v. MSPB*, No. 20-cv-2139, 2020 WL 6565224 (N.D. Ill. Nov. 9, 2020), supports the result reached here that Counts 1–4 may be heard under § 7702(e)(1)(B). There, a former Department of Health and Human Services employee filed a mandamus petition for an order directing the

---

[10] Clearly, without any MSPB decision, there are no administrative "findings" to which deference may be granted under § 7703. *Id.* Additionally, because the MSPB has not prepared any administrative record, there is also no "record" to review under § 7703. *Id*

8

MSPB to issue a decision on her administrative claims, which, as here, were not decided due to the absence of a MSPB quorum. *See id.* at *1. In response, the MSPB sought dismissal of the mandamus petition, arguing that the plaintiff had an adequate alternative remedy, namely, judicial review of her administrative claims in federal court pursuant to § 7702(e)(1)(B). *See id.* The district court agreed, concluding that mandamus relief was inappropriate because the plaintiff could use § 7702(e)(1)(B) "because her [administrative] appeal . . . ha[d] been pending for more than 120 days without a final decision." *Id.* at *6. Thus, the result in *Davis* is entirely consistent with the result reached here, namely that § 7702(e)(1)(B) applies and therefore that Plaintiff may now seek judicial review of Counts 1–4 in federal court because the MSPB, lacking a quorum, has failed to issue a judicially reviewable action within the required 120-day period. Accordingly, Defendant's Motion to Dismiss Counts 1–4 must be denied and these claims may now be heard in federal court.

Seeking to avoid this conclusion, Defendant offers two unpersuasive counterarguments. First, Defendant argues that § 7702(e)(1)(B) is limited to rescuing solely Title VII discrimination claims left to languish in the administrative process, but not the CSRA and WPA claims alleged in Counts 1–4. Defendant's proposed limitation of § 7702(e)(1)(B) to Title VII claims has previously been rejected by numerous courts of appeals, and there are no compelling reasons to conclude otherwise here.[11] In essence, the purpose of § 7702(e)(1)(B) is clear—"complainants should have access to a judicial forum should their claims languish undecided in the administrative machinery"—and there is no reason not to give full effect to § 7702(e)(1)(B) here. *Ikossi*, 516 F.3d at 1042.

---

[11] *See Bonds*, 629 F.3d at 379 (emphasis added) ("[D]istrict courts possess jurisdiction over *non-discrimination claims* in mixed cases when agencies fail to meet the time limit that § 7702(e)(1)(B) establishes."); *Ikossi*, 516 F.3d at 1042 (emphasis added) ("[S]ection 7702 [] confer[s] jurisdiction over *all elements of a mixed case.*"); *Seay v. TVA*, 339 F.3d 454, 472 (6th Cir. 2003) (same); *Doyal v. Mash*, 777 F.2d 1526, 1536 (11th Cir. 1985) (same).

Second, Defendant argues that it is not possible to review Counts 1–4, as there is no administrative record to review. This argument misses the obvious point; there are two separate statutes for judicial review, § 7702 and § 7703, and here § 7702 governs because the MSPB has failed to issue a judicially reviewable action and to produce an administrative record. *See supra* p. 5–6. The whole point of § 7702(e)(1)(B) is to permit judicial review where the MSPB fails to review a case—that is, where the MSPB fails to issue a judicially reviewable action and to produce an administrative record. *See* 5 U.S.C. § 7702(e)(1)(B).[12] Defendant's contention that the Fourth Circuit has not specifically addressed whether judicial review may be undertaken pursuant to § 7702(e)(1)(B) in the absence of an administrative record is unpersuasive, for the D.C. Circuit in *Ikossi* persuasively held that a district court may do so and the Fourth Circuit has cited *Ikossi* with approval. *See Ikossi*, 516 F.3d at 1044 ("[T]he district court may review [an] entire mixed case without an administrative record."); *see also Bonds v. Leavitt*, 629 F.3d 369, 379 (4th Cir. 2011) (citing *Ikossi*, 516 F.3d at 1041–44). Thus, Defendant's argument for deferential record review does not alter the result reached here.[13]

## II.

The second question presented is whether the Second Amended Complaint plausibly alleges the existence of a hostile work environment based on Plaintiff's protected status as a whistleblower (Count 3) and Plaintiff's race (Count 6). Thus, the precise issues to decide are:

> (1) whether Count 3, a claim for hostile work environment under 5 U.S.C. § 2302(b)(8), plausibly alleges a "severe or pervasive" hostile work environment based on Plaintiff's protected status as a

---

[12] *See also Ikossi*, 516 F.3d at 1043 (emphasis added) ("[B]ecause the MSPB did not render a final decision within 120 days of the filing of her administrative appeal . . . the district court may review her entire mixed case *without an administrative record*."); *Valentine-Johnson*, 386 F.3d at 813 (internal citation omitted) ("[T]his court has previously rejected the argument that 'nondiscrimination claims must always be reviewed on an administrative record.'").

[13] Because the Second Amended Complaint does not currently discuss 5 U.S.C. § 7702(e)(1)(B), Plaintiff may, if he chooses, amend his Second Amended Complaint specifically to invoke judicial review of Counts 1–4 under 5 U.S.C. § 7702(e)(1)(B).

whistleblower;[14] and

(2) whether Count 6, a claim for hostile work environment under 42 U.S.C. § 2000e-16, plausibly alleges a "severe or pervasive" hostile work environment based on Plaintiff's race.[15]

For the reasons that follow, the Second Amended Complaint plausibly alleges the existence of a hostile work environment based on Plaintiff's protected status as a whistleblower (Count 3) and Plaintiff's race (Count 6). Thus, Defendant's Second Motion to Dismiss must be denied.

**A.**

To begin with, it is worth noting that Defendant's Second Motion to Dismiss seeks dismissal of Count 3 based on a previously available argument that was not raised in Defendant's initial threshold Motion to Dismiss. In this respect, Defendant, in the initial threshold Motion to Dismiss could have (but did not) argue that Count 3 failed to allege facts sufficient to support a WPA claim for hostile work environment; rather, Defendant's initial threshold Motion to Dismiss sought dismissal of Count 3 based solely on the absence of an administrative record.[16] Thus, it is necessary to consult Rule 12(g)(2), Fed. R. Civ. P., the pertinent procedural rule for determining whether a defendant waives a Rule 12(b)(6) defense by failing to raise the defense in the initial Rule 12(b)(6) motion.

---

[14] *Boyd v. Dep't of Veterans Affairs*, 740 F. App'x 984, 986 (Fed. Cir. 2018) (articulating standard for WPA hostile work environment claims); *see also Sistek v. Dep't of Veterans Affairs*, 955 F.3d 948, 955 (Fed. Cir. 2020) (same); *Savage v. Dep't of Army*, 122 M.S.P.R. 612, 627 (2013) ("[T]he creation of a hostile work environment is itself a personnel action for the purposes of the WPA.").

[15] *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (articulating standard for Title VII hostile work environment claims).

[16] To be sure, Defendant's initial threshold Motion to Dismiss contains a one sentence footnote stating, in conclusory fashion, that Count 3 fails to allege facts sufficient to establish the existence of a hostile work environment based on Plaintiff's protected whistleblowing activity. *See* Def.'s Mot. to Dismiss at 24 n.8 (Dkt. 12). This one sentence footnote does not, however, sufficiently raise or preserve this argument for review. *See Sanders v. Callender*, No. 17-1721, 2018 WL 337756, *7 n. 5 (D. Md. July 9, 2018) (collecting cases holding that a party who presents an argument solely in a footnote does not raise the argument for adjudication).

The plain text of Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(g)(2), Fed. R. Civ. P. Known as the "consolidation rule," Rule 12(g)(2) "impose[s] restrictions on the filing of successive motions to dismiss . . . [and] is intended to eliminate unnecessary delay at the pleading stage by encouraging the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense." *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320–21 (3d Cir. 2015) (internal citations and quotation marks omitted); *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) (same). None of the exceptions to Rule 12(g)(2) in Rules 12(h)(2) and (3) apply here. Thus, because Defendant's Second Motion to Dismiss asserts a previously available but unraised argument, it is appropriate to deny Defendant's Second Motion to Dismiss with respect to Count 3. *See, e.g.*, *Flame S.A. v. Indus. Carriers, Inc.*, 24 F. Supp. 3d 513, 517 (E.D. Va. 2014) (declining to address subsequent motion to dismiss that raised new, previously available arguments). Accordingly, Defendant's Second Motion to Dismiss must be denied with respect to Count 3 because Defendant did not raise this argument in Defendant's initial threshold Motion to Dismiss.

In any event, it is nonetheless appropriate to consider and resolve Defendant's Second Motion to Dismiss Count 3 as a matter of good judicial husbandry and efficiency.[17] Simply put, the Second Amended Complaint adequately alleges facts that plausibly state a claim for hostile work environment based on Plaintiff's protected status as a whistleblower under the WPA. Specifically, the Second Amended Complaint alleges that Plaintiff routinely expressed concerns about the SSS's network security but that Plaintiff's colleagues and superiors instead ridiculed

---

[17] *See In re Apple iPhone Antitrust Litig.*, 846 F.3d at 318 (internal citations and quotation marks omitted) (explaining that district courts have often "exercise[d] their discretion to consider the new arguments in the interests of judicial economy."); *Leyse*, 804 F.3d at 322 (failure to apply Rule 12(g)(2) is harmless where the defendant will inevitably raise the defense through a post-answer motion).

Plaintiff and his work performance, ultimately blaming him for certain security failures. *See, e.g.*, Second Am. Compl. ¶¶ 21–28, 35–36, 45–47, 49–51, 56–73, 155–62 (Dkt. 24). These allegations, taken as true, as they must at this stage, plausibly allege the existence of a hostile work environment based on Plaintiff's protected status as a whistleblower under the WPA. Thus, for this additional reason, Defendant's Second Motion to Dismiss must be denied with respect to Count 3.

**B.**

Next, Defendant argues that Count 6, a Title VII claim for hostile work environment, must be dismissed because the Second Amended Complaint fails to allege facts warranting a plausible inference of a hostile work environment based on race. This argument for dismissal is appropriate under Rule 12(g)(2), as Defendant raised this argument in the initial threshold Motion to Dismiss.

Ultimately, however, Defendant's Second Motion to Dismiss must be denied with respect to Count 6. This is so because the Second Amended Complaint presents new and additional facts, which, if taken as true, as they must at this stage, plausibly allege the existence of a hostile work environment based on race. Specifically, the Second Amended Complaint is an improvement over the First Amended Complaint in that the Second Amended Complaint identifies two additional discriminatory remarks,[18] for a total of seven discriminatory remarks based on race, clarifies that the previously unspecified racial slur that another employee used to refer to Plaintiff was the N-word,[19] and explains that Plaintiff "felt fear each day as he went to work [and] also began to

---

[18] Importantly, one of the newly identified remarks concerns the potential for violence toward Plaintiff. *See* Second Am. Compl. ¶ 31 ("If you ever have a problem with me, just take me outside. You're a big black guy who is big enough to take me outside."); *see also Faragher v. City of Boca Raton,* 524 U.S. 775, 787 (1998) (internal citations and quotation marks omitted) ("We [have] directed courts to determine whether an environment is sufficiently hostile or abusive by looking at all the circumstances, including . . . whether [the conduct] is physically threatening.").

[19] Although Plaintiff did not hear this other employee call him the N-Word, Plaintiff learned about the incident from a different employee. Thus, because Plaintiff became aware that he had been called the N-word, this discriminatory comment is relevant to whether Plaintiff personally experienced a hostile work environment. Of course, on summary

experience a disturbance in his sleeping habits." Second Am. Compl. ¶¶ 29–34, 39–43, 51, 53; *see also Mosby-Grant v. City of Hagerstown*, 630 F.3d 326, 335 (4th Cir. 2010) (internal citations and quotation marks omitted) ("[I]n the Fourth Circuit, the question of whether harassment was sufficiently severe or pervasive is quintessentially a question of fact."). Accordingly, Plaintiff has plausibly alleged a Title VII claim for hostile work environment and Defendant's Second Motion to Dismiss must be denied with respect to Count 6.

### III.

For the reasons set forth above, Defendant's initial threshold Motion to Dismiss must be denied and Defendant's Second Motion to Dismiss must also be denied. An appropriate Order will issue separately.

The Clerk is directed to provide a copy of this Memorandum Opinion to all counsel of record.

Alexandria, Virginia
April 29, 2021

/s/
T. S. Ellis, III
United States District Judge

---

judgment, Defendant may argue that the use of a racial slur does not alone establish the existence of a hostile work environment. *See Shields v. Federal Exp. Corp.*, 120 F. App'x 956, 961 (4th Cir. 2005) (concluding, on summary judgment, that another employee's use of a racial slur does not alone establish a hostile work environment).